UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-CR-00253-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL LIEBERMAN,** | ) | |
| | ) | |
| Defendant. | ) | |

      **THIS MATTER** is before the Court on defendant's pro se Motion for Early Termination of Supervised Release. As the motion fails to reflect whether defendant's supervising officer concurs in the request, the Court has contacted defendant's supervising officer who advises that she does not concur in the request.

      When considering a motion for early termination of supervised release, Title 18, United States Code, Section 3583(e)(1) provides that courts have the authority to

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).  The Court must also consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Id.  In conducting this review, the Court has considered defendant's motion, the recommendation of defendant's supervising USPO, and the transferred pleadings from the District of New Jersey, including the Judgment, the Bill of Information, and the docket sheet.  Taking defendant's proffer as true, defendant has done well both while incarcerated and on supervision; however, the Court believes that defendant and the community can continue to benefit from continued supervision.

1

Although the Court has considered all of the factors, of particular concern is the need to provide restitution to the victims of the offense. The Court's review of the limited materials transferred from the District of New Jersey (which did not include the Plea Agreement) indicates that defendant has a substantial restitution obligation of approximately 1.6 million dollars. Judgment (#1-2 at 6). While defendant states that he has been compliant with the payment schedule, Motion (#2) at 8, defendant's motion does not quantify his progress towards repayment of this substantial obligation.  In the Bill of Information, the government averred that defendant used some of the proceeds of the fraud to purchase a home at 9*** Standerwick Lane, Huntersville, N.C., and then identified such home as being subject to forfeiture in the Forfeiture Allegation. While a copy of the Plea Agreement is not before the Court, the transferred docket sheet does indicate that a Consent Judgment of Forfeiture for Money and Property was entered on April 17, 2015.  The envelope defendant used to mail the motion indicates that his return address is 9*** Standerwick Lane, Huntersville, N.C.  -- the very same address of the property subject to the forfeiture provision. Envelope (#2-1). Thus, this Court has a substantial concern as to whether every effort has been made by defendant during the course of supervision to repay the victim(s) of his crime.

While the Court will deny the motion, it will do so without prejudice and it will give close consideration to any future request, especially if that request is accompanied by favorable recommendations from his supervising USPO.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Early Termination of Supervised Release (#2) is **DENIED**.

The Clerk of Court is instructed to provide a courtesy copy of this Order to AUSA Don Gast and USPO Debnam.

Signed: January 4, 2019

Max O. Cogburn Jr
United States District Judge